

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-28-1994

# IN RE: Asbestos School Litigation

Precedential or Non-Precedential:

Docket 94-1494

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation
"IN RE: Asbestos School Litigation" (1994). *1994 Decisions.* Paper 228.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/228

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 94-1494

———————

IN RE:  ASBESTOS SCHOOL LITIGATION

PFIZER INC.,
Petitioner

v.

THE HONORABLE JAMES T. GILES,
Nominal Respondent

and

BARNWELL SCHOOL DISTRICT NO. 45; SCHOOL DISTRICT
OF LANCASTER; MANHEIM TOWNSHIP SCHOOL DISTRICT;
LAMPETER-STRASBURG SCHOOL DISTRICT; BOARD OF
EDUCATION OF THE MEMPHIS CITY SCHOOLS And A
Conditionally Certified Class

———————

PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Related to D. C. Civil No. 83-00268)

———————

Argued:  September 16, 1994
Before:  STAPLETON, ALITO, and LEWIS, Circuit Judges


The dissent inadvertently was not included with the majority
opinion. Please see the majority opinion filed on December 28,
1994. The dissent is also filed as of December 28, 1994.

IN RE:  ASBESTOS SCHOOL LITIGATION v.
PFIZER, ET AL., No. 94-1494


STAPLETON, Circuit Judge, dissenting:


I respectfully dissent.

It may well be that the district court's denial of Pfizer's motion for summary judgment was in error.  The issue before us, however, is whether Pfizer is entitled to interlocutory appellate review of that denial.  Nothing in the First Amendment or Claiborne Hardware provides justification for our granting such review.  Moreover, I fear that the principle announced by the court today will be impossible to cabin.

Joining together with others does not render legal conduct that would be illegal if engaged in on one's own.  Neither the First Amendment right of association nor Claiborne Hardware provides otherwise.  To the contrary, while Claiborne Hardware holds that one cannot be held civilly liable solely for belonging to a group some of whose members have committed acts of violence, it expressly recognizes that one may be held liable if one supports a group that one knows to have "illegal aims."  458 U.S. at 920.  This is the legal theory that the plaintiffs here press.  It is also the legal theory pressed by all others who bring conspiracy cases.

As the court points out, there appears to be no causal nexus between the damages sought by plaintiffs and "any allegedly misleading statements that the SBA subsequently made concerning

ACBP removal." Slip Op. at 13. Moreover, there appears to be precious little evidence in this record from which a trier of fact could infer that Pfizer's participation in the SBA was for the purpose, in whole or in part, of accomplishing an illegal objective that the SBA was pursuing. For these reasons, if the record before us were a trial record and Pfizer had suffered an adverse judgment I might well side with it. We have a summary judgment record before us, however, and Pfizer has failed to convince me that its position is in any way different from a defendant in any antitrust conspiracy case, for example, that has lost a motion for summary judgment.

An individual's right to join any group of other individuals or firms is protected by the First Amendment. So, too, is an individual's right to express himself or herself through the activities of the group. This does not, however, mean that one cannot be held liable for civil conspiracy based on the activities of the group, including activities of a group involving representations and other expressive communications to third parties. Indeed, members of trade associations like SBA have repeatedly been held liable for anticompetitive activities of their association where they were aware that the association had undertaken such activities. See, e.g., Kline v. Coldwell, Banker & Co., 508 F.2d 226 (9th Cir. 1974), cert. denied, 421 U.S. 963 (1975); Phelps Dodge Refining Corp. v. FTC, 139 F.2d 393 (2d Cir. 1943).

As I read the opinion of the court, the thing that singles Pfizer out from other defendants in civil conspiracy cases and entitles it to immediate appellate review is that its First Amendment rights will be chilled during the course of this litigation if its innocence is not immediately established. Two sources of such a chill are identified. The first is the fact that continued participation in the SBA pendente lite may be admissible in evidence at trial in support of the plaintiffs' conspiracy theory. The second is "the extraordinary size and complexity of this class action" and the attendant litigation burden that denial of immediate review will place on Pfizer. Neither factor, however, serves to distinguish this case from most other conspiracy cases.

In any conspiracy case in which the alleged conspirators are still capable of associating with one another, they face the prospect that continued association pendente lite may be admissible in evidence at trial in support of the plaintiffs' theory of recovery. Yet this has never been regarded as an intolerable burden on the First Amendment rights of alleged co-conspirators. Contrary to the court's suggestion, I see no similarity at all between the chill resulting from the prospect of a contempt citation for violating a prior restraint and the chill occasioned by a prospect that everyone contemplating a new social or business association necessarily faces -- i.e., the prospect that if a third party perceives the new association as

having an illegal aim, he or she may be sued and his or her associational activities may be introduced in evidence in support of a claim that he or she is liable for the activities of the association.

In each of the cases cited by the majority, a court, by threatening a contempt citation, had directly targeted and threatened to punish activity that might include expression protected by the First Amendment. The resulting chill has long been held to be an intolerable burden on First Amendment interests. Pfizer does not face contempt, however, and no court or other agent of the state has targeted or threatened to punish the exercise of its First Amendment rights. Pfizer faces only the possibility that evidence of any continuing participation in the SBA may be admitted in evidence at trial. This is the incidental and unavoidable consequence of the fact that Pennsylvania embraces the traditional concepts of the law of civil conspiracy. For at least as long as prior restraints have been condemned by the Supreme Court, the law of conspiracy and its necessary effects have been found compatible with the First Amendment.[1]

---

[1]. It is well established doctrinally that direct "gag order" type restrictions -- restrictions which target the protected activity directly -- receive heightened First Amendment scrutiny, while restrictions which only have an incidental, unintended, effect on the protected activity rarely raise First Amendment concerns. See, e.g., Arcara v. Cloud Books, Inc., 478 U.S. 697 (1986) (closing a book store because of prostitution on the premises was constitutionally permitted despite the incidental effect on a First Amendment-protected activity).

If the burden of litigation can ever justify immediate appellate review where none would otherwise exist, this is not a situation in which it does.  While this case has been going on for a long while, it is currently scheduled for trial in less than a year.  Moreover, immediate appellate review, whatever its outcome, would not spare Pfizer the moderate litigation burden it faces.  The plaintiffs have other claims against Pfizer and it would be required to stay and defend to judgment even if its position on the conspiracy claim were immediately vindicated.[2]

I would deny the petition.

(..continued)

[2].  The majority also asserts that "requiring Pfizer to stand trial for civil conspiracy and concert of action predicated solely on its exercise of its First Amendment freedoms could generally chill the exercise of freedom of association" of others.  Slip Op. at 28 (emphasis added).  The Supreme Court has consistently rejected these "general" chill arguments.  See University of Pennsylvania v. E.E.O.C., 493 U.S. 182 (1990) (rejecting the University of Pennsylvania's claim that a general chilling effect warranted a First Amendment privilege for peer review materials); Branzburg v. Hayes, 408 U.S. 665 (1972) (rejecting reporters' claims to a privilege against revealing the identities of their confidential sources because the claimed chilling effect on speech was incidental and speculative).